```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIAWATHA CUFFEE, JR.,

                    Plaintiff,

-against-

THE CITY OF NEW YORK, OFFICER
SQUILLARO (Shield No. 18063), and
OFFICER GONZALEZ (Shield No.
17148),

                    Defendants.

**ORDER**

15 Civ. 8916 (PGG) (DF)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Hiawatha Cuffee, Jr., brings this action, pursuant to 42 U.S.C. § 1983, against the City of New York (the "City") and New York City Department of Corrections ("DOC") Officers Gonzalez and Squillaro. Plaintiff – who is incarcerated – alleges that the individual defendants violated his constitutional rights in connection with a motor vehicle accident involving a DOC bus that was transporting Plaintiff to Rikers Island. (Cmplt. (Dkt. No. 2)) Plaintiff also brings a Monell claim against the City. (Id.) Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 16)

        On October 20, 2016, this Court referred Defendants' motion to Magistrate Judge Debra Freeman for a Report and Recommendation ("R & R"). (Dkt. No. 27) On March 3, 2017, Judge Freeman issued a 28-page R & R recommending that Defendants' motion to dismiss be granted in part and denied in part. (Dkt. No. 29) For the reasons stated below, this Court will adopt the R & R in its entirety.

## BACKGROUND

### I. FACTS[1]

On July 31, 2015, the DOC transported Plaintiff by bus from Rikers Island – where Plaintiff was being detained[2] – to Bellevue Hospital Center. (Cmplt. (Dkt. No. 2) at 9)[3] At Bellevue Hospital, Plaintiff underwent a prostate examination and biopsy. (Id.) After the procedure, Plaintiff got on a DOC bus for transport back to Rikers Island. (Id.) Plaintiff alleges that he "was handcuffed and shackled at the waist[,] and confined in a steel, locked cage approximately 3½ feet wide." (Id.) The cage "was positioned directly behind the driver" of the bus. (Id.) Plaintiff did not have a seatbelt. (Id. at 12) Defendant Gonzalez was driving the bus (id. at 9), and Defendant Squillaro was present as a passenger. (See id. at 9-10; May 21, 2016 Pltf. Ltr. (Dkt. No. 14) at 3)

At about 12:40 p.m., as the bus was returning to Rikers Island, Defendant Gonzalez "pull[ed] out into traffic . . . at an unusually high rate of speed." (Cmplt. (Dkt. No. 2) at 9) Plaintiff then "heard the screeching of tires," and the DOC bus collided with another motor vehicle. (Id. at 9-11; May 21, 2016 Pltf. Ltr. (Dkt. No. 14) at 2) Plaintiff "was thrown forward" in the steel cage and, "upon impact," he "injured [his] knee, lower back, . . . neck, and . . . was

---

[1] "[I]n deciding a motion to dismiss a pro se complaint, it is appropriate to consider 'materials outside the complaint to the extent that they are consistent with the allegations in the complaint,' including 'documents that a pro se litigant attaches to [his] opposition papers.'" Pearson v. Walden Univ., 144 F. Supp. 3d 503, 508 (S.D.N.Y. 2015) (internal citations omitted); see also Walker v. Schult, 717 F.3d 119, 122 n. 1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in [his] papers opposing [a] motion [to dismiss]"). In its factual summary, the Court relies on the Complaint and documents Plaintiff filed in opposing Defendants' motion to dismiss. (See Dkt. Nos. 2, 14, 15, 23, 26)

[2] The Complaint does not disclose whether Plaintiff was held at Rikers Island as a pre-trial detainee or as a convicted inmate.

[3] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

also bleeding from [his] rectal area [due] to [his] recent biopsy." (Cmplt. (Dkt. No. 2) at 9) Plaintiff alleges that he "began screaming to [Defendant] Gonzalez . . . to . . . get [him] back to the hospital because [he] desperately needed medical assistance." (Id.) Plaintiff also alleges that he told Defendants Gonzalez and Squillaro "over and over" that he was bleeding. (May 21, 2016 Pltf. Ltr. (Dkt. No. 14) at 3) Other inmates on the bus also "scream[ed] for help" and "pleaded for medical assistance." (Cmplt. (Dkt. No. 2) at 9)

Defendants Gonzalez and Squillaro told Plaintiff to "hold on" and hurriedly exited the bus to investigate the accident. (See id.) Although the bus was only "[five] minutes [away] from Bellevue Hospital" at the time of the accident (May 21, 2016 Pltf. Ltr. (Dkt. No. 14) at 1), Plaintiff and the other inmates "sat on the bus for 1½ hours waiting for [DOC supervisors] to complete their investigation [of the accident]." (Id. at 9) Plaintiff and the other inmates – still in shackles and chains – were eventually loaded onto another DOC bus for transport back to Rikers Island. (See May 21, 2016 Pltf. Ltr. (Dkt. No. 14) at 1) Plaintiff "did not receive medical attention until he was returned back to Rikers [Island]." (Cmplt. (Dkt. No. 2) at 10) Plaintiff contends that the defendant officers' failure to return to Bellevue or to call medical personnel to the scene "caused further harm to Plaintiff." (May 21, 2016 Pltf. Ltr. (Dkt. No. 14) at 3)

At Rikers Island, Plaintiff received an X-ray and was given an ice pack, pain medication, and a cane. (May 21, 2016 Pltf. Ltr. (Dkt. No. 14) at 1; Cmplt. (Dkt. No. 2) at 4) Plaintiff alleges that, as a result of the accident, he sustained injuries to his neck, lower back, knees and pelvis, and that he suffers "extreme[]" and "continued pain . . . every day." (Cmplt. (Dkt. No. 2) at 10-11) Plaintiff continues to walk with a cane and a "stomach belt," and expresses concern that his loss of mobility will prevent him from performing his duties as a "certified plant maintenance electrician." (Id. at 10-12)

3

## II.  PROCEDURAL HISTORY

Plaintiff commenced this action on November 12, 2015. (Dkt. No. 2) The Complaint – considered liberally and together with Plaintiffs' other filings – asserts three causes of action: (1) a Fourth Amendment claim against Defendants Gonzalez and Squillaro, based on their "[]reckless" conduct that placed Plaintiff in a "dangerous position" and caused his injuries; (2) an Eighth Amendment or Fourteenth Amendment claim for deliberate indifference against Defendants Gonzalez and Squillaro, based on "their cruel and unusual punishment and lack . . . of . . . medical response" to his injuries following the accident[4]; and (3) a Monell claim against the City, based on its failure to equip DOC buses with seat belts or air bags, which creates a danger that "shackled and handcuffed" detainees may "fly out of their seats." (Id. at 11-12)

On June 30, 2016, Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 16) On October 20, 2016, this Court referred Defendants' motion to Magistrate Judge Debra Freeman for a Report and Recommendation ("R & R"). (Dkt. No. 27) On March 3, 2017, Judge Freeman issued a 28-page R & R recommending that Defendants' motion to dismiss be granted except as to Plaintiff's deliberate indifference claim against Defendant Gonzalez. (R & R (Dkt. No. 29) at 26) Judge Freeman further recommends that Plaintiff be granted leave to amend the remaining claims in the Complaint, with the exception of

---

[4] As Judge Freeman noted, "it is unclear from Plaintiff's submissions whether, at the time of the alleged events, he was in custody at Rikers [Island] as a pretrial detainee, or had been convicted of a crime and was serving a sentence of incarceration." (R & R (Dkt. No. 29) at 14) Accordingly, Judge Freeman considered Plaintiff's deliberate indifference claims under both the Eighth Amendment and Fourteenth Amendment. See Little v. Mun. Corp., 51 F. Supp. 3d 473, 488 n.7 (S.D.N.Y. 2014) ("A convicted prisoner's claim based on the conditions of his confinement is analyzed under the Eighth Amendment. In the case of a state pretrial detainee, however, the same claim is analyzed under the Fourteenth Amendment's Due Process Clause.") (internal citation omitted).

4

the Fourth Amendment claim, which Judge Freeman recommends be dismissed with prejudice. (Id.)

Judge Freeman's R & R gives notice that any objections are to be filed within fourteen days from service of the R & R, and that "FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW." (Id. at 27) No objections to the R & R have been filed.[5]

## DISCUSSION

### I. LEGAL STANDARD

#### A. Review of Magistrate Judge's Report and Recommendation

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), a party may submit objections to the magistrate judge's R & R. Any objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).

"'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite

---

[5] In a March 16, 2017 letter, Plaintiff states that he has received the R & R and that he will "submit the requested amended [complaint] once an order from [this Court] is received." (Mar. 16, 2017 Pltf. Ltr. (Dkt. No. 30)) Plaintiff's letter does not raise any objections to the R & R.

5

and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

## B. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 545).

"Although a court in deciding a Rule 12(b)(6) motion is generally limited to considering the facts alleged in the complaint, a district court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice may be taken." Johnson v. Cty. of Nassau, 411 F. Supp. 2d 171, 178 (E.D.N.Y. 2006) (citing Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). "In addition, a court may also consider documents outside the pleadings if they are 'integral' to the complaint and

6

upon which the complaint relies." Id. at 178 (citing Int'l Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); see Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))). "However, although pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder v. United States Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (internal citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact.'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("[T]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief].").

## II.  ANALYSIS

Liberally construed, the Complaint asserts (1) a Fourth Amendment claim against Defendants Gonzalez and Squillaro; (2) an Eighth or Fourteenth Amendment claim against Defendants Gonzalez and Squillaro, due to their alleged deliberate indifference to Plaintiff's safety and serious medical needs; and (3) a Monell claim against the City. (See Cmplt. (Dkt. No. 2)) Judge Freeman's thorough and well-reasoned R & R concludes that Defendants' motion to

dismiss should be granted on all claims, with the exception of the deliberate indifference claim against Defendant Gonzalez. (See R & R (Dkt. No. 29) at 26) The Court finds no clear error in Judge Freeman's recommendation.

### A.   Fourth Amendment Claim

The Complaint alleges that Defendants Gonzalez and Squillaro violated Plaintiff's right "under the 4th Amendment to be secure in his person and not be denied life and liberty." (Cmplt. (Dkt. No. 2) at 11) In support of this claim, Plaintiff alleges that the individual defendants' "[]reckless" conduct – which resulted in the July 31, 2015 motor vehicle accident – "placed [Plaintiff] in a dangerous situation" and caused him physical injury. (Id.)

Judge Freeman recommends dismissal of this claim, because "the Fourth Amendment is simply 'inapplicable' to this case." (R & R (Dkt. No. 29) at 11 (citing Smith v. City of New York, No. 15 Civ. 7910 (GHW), 2016 WL 7471334, at *1 (S.D.N.Y. Dec. 28, 2016)) This Court agrees with that assessment. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Here, however, "Plaintiff makes no allegations that he was either arrested or subjected to any unlawful search as a result of the motor-vehicle collision that is the subject of [the] Complaint." (R & R (Dkt. No. 29) at 11) Accordingly, Plaintiff's Fourth Amendment claim will be dismissed.

### B.   Deliberate Indifference Claim

The Complaint asserts a claim against Defendants Gonzalez and Squillaro based on "their cruel and unusual punishment and lack . . . of care . . . [or] medical response" after the July 31, 2015 motor vehicle accident. (Cmplt. (Dkt. No. 2) at 11) Interpreting the pro se plaintiff's pleading "to raise the 'strongest [claims] that [it] suggest[s],'" Hill, 657 F.3d at 122,

Judge Freeman construed this cause of action as asserting a claim for deliberate indifference to Plaintiff's safety and to his serious medical needs under the Eighth Amendment – if he was a convicted inmate at the time of the accident -- or the Fourteenth Amendment – if he was a pre-trial detainee at the time of the accident. (R & R (Dkt. No. 29) at 11)

### 1. Applicable Law

"A convicted prisoner's claim of deliberate indifference . . . is analyzed under the Eighth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (citing Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996)). However, "[a] pretrial detainee's claims . . . are governed by the Due Process Clause of the Fourteenth Amendment." Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). Because it is not clear from the Complaint whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time of the July 31, 2015 accident, the Court considers the applicable standards under both the Eighth and Fourteenth Amendments.

"To adequately allege [a constitutional] violation [under the Eighth or Fourteenth Amendment], an inmate must satisfy objective and subjective elements of a two-pronged test." Lynch v. Jane Doe Corr. Officer Blue, No. 14 Civ. 6919 (VB), 2016 WL 831969, at *3 (S.D.N.Y. Feb. 29, 2016). Plaintiff "must show (1) that the [constitutional] deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities,' and (2) that the defendant official possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'" Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

With respect to the objective component, the legal standard is the same under both the Eighth and the Fourteenth Amendments. See Darnell, 849 F.3d at 30. The plaintiff "must

allege facts showing [he] was denied 'the minimal civilized measure of life's necessities.'" Lynch, 2016 WL 831969, at *3 (quoting Farmer, 511 U.S. at 834). "'When . . . the claim is based on an alleged failure to prevent harm or provide safety, the inmate must show [he] 'is incarcerated under conditions posing a substantial risk of harm.'" Id. (quoting Farmer, 511 U.S. at 834). When the claim asserted is deliberate indifference to serious medical needs, the alleged deprivation of medical care must be "sufficiently serious." See Snyder v. Alam, No. 15 Civ. 4033 (VB), 2016 WL 2642226, at *3 (S.D.N.Y. May 6, 2016).

With respect to the subjective component, the legal standards are different under the Eighth and the Fourteenth Amendments. See Darnell, 849 F.3d at 32-36. Under the Eighth Amendment, an inmate "must allege facts showing officials acted with 'deliberate indifference' to the inmate's 'health or safety.'" Lynch, 2016 WL 831969, at *3 (citing Farmer, 511 U.S. at 834). A prison official acts with deliberate indifference when he "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. New York City Dep't of Corrs., 84 F.3d 614, 620 (2d Cir. 1996). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).

Under the Fourteenth Amendment, however, "the 'subjective prong' . . . of a deliberate indifference claim is defined objectively." Darnell, 849 F.3d at 35. A "pretrial detainee must prove that

> the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

10

Id. Thus, unlike the Eighth Amendment, "the Due Process Clause can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id.

### 2. Deliberate Indifference to Safety

As to Plaintiff's claim of deliberate indifference to safety, Judge Freeman recommends that Defendants' motion to dismiss be granted as to Defendant Squillaro, but denied as to Defendant Gonzalez. (R & R (Dkt. No. 29) at 16-17)

With respect to the objective prong of the analysis, which is the same under both the Eighth Amendment and Fourteenth Amendment, Judge Freeman found that Plaintiff pleaded facts raising a plausible inference of a "sufficiently serious" constitutional deprivation. (See R & R (Dkt. No. 29) at 14-16) In the context of prison transportation accidents, the Second Circuit has held that "the failure of prison officials to provide inmates with seatbelts [is] not, without more, . . . 'sufficiently serious' to constitute a[] [constitutional] violation.'" Jabbar v. Fischer, 683 F.3d 54, 58 (2d Cir. 2012) (quoting Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)). Courts have similarly recognized that "[a]llegations of a public official driving too fast . . . are grounded in negligence" and are not actionable under Section 1983. See Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004).

Here, however, Plaintiff alleges more than the absence of a seat belt and driving too fast. As Judge Freeman observes, the Complaint alleges not only that Defendant Gonzalez "'pull[ed] out into traffic . . . at an unusually high rate of speed[,]'" but also that "Plaintiff . . . was [at that time] 'handcuffed and shackled at the waist[,] and confined in a steel, locked cage approximately [three-and-a-half] feet wide.'" (R & R (Dkt. No. 29) at 15 (quoting Cmplt. (Dkt. No. 2) at 9)) Judge Freeman found that this combination of factors – "driving recklessly[] while

11

Plaintiff was confined in a cage without any reasonable means to protect himself from impact" – was adequate to satisfy the objective prong on the analysis. (See id. at 15-16) This Court finds no clear error in her assessment. See Torres v. Amato, 22 F. Supp. 3d 166, 176 (N.D.N.Y. 2014) (denying defendant summary judgment on deliberate indifference claim where inmate being transported to a correctional facility fell out of the back of a van and sustained fatal injuries; inmate did not have a seatbelt, the door to the van was "improperly latched," and defendant operated the van "in a reckless manner"); see also Darnell, 849 F.3d at 30 ("[C]onditions of confinement may be aggregated to rise to the level of a constitutional violation, but 'only when they have a mutually enforcing effect that produces the deprivation. . . .'").

With respect to the subjective prong of Plaintiff's deliberate indifference claim, Judge Freeman determined that – as against Defendant Gonzalez – Plaintiff had stated a claim under either the Eighth Amendment or Fourteenth Amendment. (R & R (Dkt. No. 29) at 16) Given that Defendant Gonzalez was the driver of the bus and that Plaintiff "was positioned directly behind him" (Cmplt. (Dkt. No. 2) at 9), Judge Freeman found it "reasonable to infer that [Defendant] Gonzalez was either actually aware of the excessive risk to Plaintiff's safety or that the risk was obvious [to him]." (R & R (Dkt. No. 29) at 16) Judge Freeman found

> it plausible that the act of [Defendant Gonzalez] in driving recklessly, at excessive speed, with knowledge that a detainee is being transported in the vehicle – not just without a seatbelt, but within a small steel cage, with hands in handcuffs that are linked at the waist and thus cannot be used to brace or otherwise protect himself – could rise to the level of deliberate indifference to an excessive risk to that detainee's safety.

(Id. at 16) This Court finds no clear error in that determination.

With respect to Defendant Squillaro, however, Judge Freeman recommends that the claim for deliberate indifference to safety be dismissed. (Id. at 16-17) The Complaint is silent as to the nature of Defendant Squillaro's involvement in the incident and where he was

sitting in relation to Plaintiff. Indeed, as Judge Freeman notes, "Plaintiff makes no allegation that [Defendant Squillaro] personally acted in any way that contributed to the unsafe conditions." (Id. at 17) This Court agrees that the deliberate indifference to safety claim should be dismissed as to Defendant Squillaro.

Accordingly, Defendants' motion to dismiss the deliberate indifference to safety claim will be granted as to Defendant Squillaro, but denied as to Defendant Gonzalez.

### 3. Deliberate Indifference to Serious Medical Needs

Judge Freeman recommends that Plaintiff's claim of deliberate indifference to serious medical needs be dismissed, because Plaintiff's allegations "do[] not satisfy the objective prong of either an Eighth or [Fourteenth] Amendment deliberate indifference claim against either [individual defendant]." (R & R (Dkt. No. 29) at 21)

"When a prisoner alleges 'a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious. . . .'" Snyder, 2016 WL 2642226, at *3 (quoting Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003)) (emphasis omitted). "'[A] short interruption of care, even if the underlying medical condition is serious, does not constitute a serious medical need where the 'alleged lapses in treatment are minor.'" Smith, 2016 WL 7471334, at *4 (quoting Bell v. Jendell, 980 F. Supp. 2d 555, 559-60 (S.D.N.Y. 2013)). "However, allegations that the defendant's delay in treating a minor or ordinary medical condition can nevertheless 'become a constitutional violation if the condition worsens [as a result of the delay] and creates a "substantial risk of injury."'" Id. (quoting

Graham v. Wright, No. 01 Civ. 9613 (NRB), 2004 WL 1794503, at *4 (S.D.N.Y. Aug. 10, 2004)).

Here, the "gravamen of the complaint is a delay, rather than a denial, of medical care" (R & R (Dkt. No. 29) at 19), because it is undisputed that Plaintiff received medical treatment upon his return to Rikers Island. (See Cmplt. (Dkt. No. 2) at 10) Moreover, Plaintiff has not offered factual allegations from which it can plausibly be inferred "that [this] delay caused or exacerbated his injuries." (R & R (Dkt. No. 29) at 20-22) As Judge Freeman notes, although Plaintiff alleges – in his opposition papers – that Defendants Gonzalez and Squillaro "caused further harm to the Plaintiff by not returning to Bellevue or calling E.M.S. to respond to the scene" (May 21, 2016 Pltf. Ltr. (Dkt. No. 14) at 3) (emphasis added), Plaintiff offers no allegations "as to how, or the extent to which, the alleged 'further harm' occurred." (R & R (Dkt. No. 29) at 21) Because Plaintiff's allegations concerning the alleged deprivation resulting from the delay in medical treatment are "entirely conclusory," Judge Freeman recommends dismissal of Plaintiff's claim for deliberate indifference to serious medical need. (Id. at 20-22) The Court finds no clear error in that recommendation.

C.  **_Monell_ Claim**

The Complaint asserts a Monell claim against the City. (Cmplt. (Dkt. No. 2) at 12) Plaintiff alleges that the City violated his constitutional right "to be absent or free from cruel and unusual punishment[,]" because "the DOC buses are not equipped with standard . . . seat belts or . . . air bags" or other "means to protect [one's] person from bod[i]ly injury." (Id.) Plaintiff contends that "[b]eing shackled and handcuffed [under such conditions] is dangerous[,] because detainees fly out of their seats." (Id.) As part of the relief sought in this action, Plaintiff asks this Court to order the City to implement a "program . . . to re-train the transportation

14

[officers] in emergency procedures so they are better trained to handle th[e] type of situation [that occurred on July 31, 2015]." (Id. at 5)

### 1. Applicable Law

"[A] municipality cannot be held liable [under Section 1983] solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in Monell). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

The Second Circuit applies a two-prong test to Monell claims. A plaintiff "must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer[s]." Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). A plaintiff may satisfy this requirement by "alleg[ing] the existence of

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Brandon v. City of New York, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (internal citations omitted). Second, "the plaintiff must establish a causal connection – an 'affirmative link' – between the policy and the deprivation of his constitutional rights." Vippolis, 768 F.2d at 44.

"[M]ere allegations of a municipal [policy,] custom[,] or practice . . . are insufficient to demonstrate [its] existence . . . unless supported by factual details," however.

15

Triano v. Town of Harrison, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (citing Moore v. City of New York, No. 08 Civ. 8879 (PGG), 2010 WL 742981, at *6 (S.D.N.Y. Mar. 2, 2010)). "[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). "'[A] conclusory, boilerplate assertion of a municipal policy or custom [is] insufficient to survive a motion to dismiss.'" Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (quoting Santiago v. City of New York, No. 09 Civ. 0856 (BMC), 2009 WL 2734667, at *7 (E.D.N.Y. Aug. 18, 2009)).

### 2. Analysis

Judge Freeman recommends dismissal of Plaintiff's Monell claim. To the extent that the Monell claim is premised on the theory that DOC buses are not equipped with adequate safety measures, Judge Freeman concludes that Plaintiff has failed to "allege facts plausibly suggesting . . . [that an] official policy, custom, or practice" exists. (R & R (Dkt. No. 29) at 24) As Judge Freeman explains, the mere absence of seatbelts or airbags on DOC buses does not – in isolation – give rise to a constitutional violation supporting a Monell claim. (R & R (Dkt. No. 29) at 23-24) See Jabbar, 683 F.3d at 58 ("[T]he failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments."); Carrasquillo, 324 F. Supp. 2d at 436 ("There is . . . no Monell liability for the City's failure to provide seatbelts [on prison buses]. . . ."); see also Claudio v. Sawyer, 675 F. Supp. 2d 403, 408 (S.D.N.Y. 2009) ("[A] prerequisite to municipal liability under Monell is an underlying constitutional violation by a state actor.").

As discussed above, however, Plaintiff has plausibly alleged an underlying constitutional violation for deliberate indifference to safety arising from the combination of

circumstances at the time of the July 31, 2015 accident. Judge Freeman acknowledges that "a municipal policy or practice of transporting detainees (or inmates) in buses by placing them in small steel cages within the buses, with handcuffs shackled to waist chains, and without seatbelts or other protective devices[] could give rise to Monell liability." (R & R (Dkt. No. 29) at 24) (emphasis in original) Nonetheless, "a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Santos, 847 F. Supp. 2d at 576. Here, the Complaint does not contain sufficient allegations as to the existence of any such policy or custom, or whether "it was the City's . . . practice to combine these measures in a way that unduly compromised the safety of those being transported." (R & R (Dkt. No. 29) at 24) Plaintiff's allegations – even when construed liberally – address only the measures that were used by the individual defendants in this particular instance. See Triano, 895 F. Supp. 2d at 538 ("[I]t is well settled that 'a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government].'"). Accordingly, this Court finds no clear error in Judge Freeman's recommendation to dismiss Plaintiff's Monell claim to the extent it is based on a theory of an official policy, custom, or practice.

To the extent that Plaintiff's Monell claim is premised on a theory of failure to train or supervise, Judge Freeman similarly recommends that the claim be dismissed for failure to "identify any specific training deficiencies that caused his injuries." (R & R (Dkt. No. 29) at 24-26) To survive a motion to dismiss, "'a plaintiff must plausibly allege a specific deficiency in the municipality's training.'" Calderon v. City of New York, 138 F. Supp. 3d 593, 613 (S.D.N.Y. 2015) (quoting Tieman v. City of Newburgh, No. 13 Civ. 4178 (KMK), 2015 WL 1379652, at *22 (S.D.N.Y. Mar. 26, 2015)). "Because Plaintiff has done no more than make

conclusory assertions [of inadequate training], he has not adequately alleged that the [City's] training policies caused Plaintiff's injuries." Triano, 895 F. Supp. 2d at 541. Accordingly, the Court finds no clear error in Judge Freeman's recommendation to dismiss Plaintiff's Monell claim to the extent it is based on a failure to train theory.

Plaintiff's Monell claim against the City will be dismissed.

### III.     LEAVE TO AMEND

Judge Freeman recommends that Plaintiff be granted leave to amend, except as to his Fourth Amendment claim. (R & R (Dkt. No. 29) at 26; see also id. at 11, 16-17, 21-22, 24-26) The Second Circuit has cautioned that district courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco, 222 F.3d at 112. "'Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.'" Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)). "One appropriate basis for denying leave to amend is that the proposed amendment is futile. An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Id. (internal citations omitted).

With respect to Plaintiff's Fourth Amendment claim, this Court agrees that leave to amend should be denied. The Complaint – which concerns a motor vehicle accident involving a DOC bus – alleges no facts that implicate an unlawful search or seizure under the Fourth Amendment. Accordingly, there is no reason to believe that giving Plaintiff an opportunity to amend this claim would be anything other than futile.

For the reasons set forth in Judge Freeman's R & R (see R & R (Dkt. No. 29) at 11, 16-17, 21-22, 24-26), however, the Court cannot conclude that amendment would be futile with respect to Plaintiff's remaining claims. Accordingly, Plaintiff will be granted leave to file an Amended Complaint.[6]

## CONCLUSION

For the reasons stated above, this Court adopts Judge Freeman's Report & Recommendation in its entirety, and Defendant's motion to dismiss is granted in part and denied in part. The Clerk of the Court is directed to terminate the motion (Dkt. No. 16). Any Amended Complaint will be filed by April 30, 2017. The Clerk is further directed to mail a copy of this Order to pro se Plaintiff.

Dated: New York, New York
       March 27, 2017                    SO ORDERED.

                                         _____
                                         Paul G. Gardephe
                                         United States District Judge

---

[6] Any Amended Complaint will specify whether – at the time of the accident – Plaintiff was a pretrial detainee or serving a sentence after conviction.