USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIAWATHA CUFFEE, JR.,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, OFFICER SQUILLARO (Shield No. 18063), and OFFICER GONZALEZ (Shield No. 17148),

                  Defendants.

**ORDER**

15 Civ. 8916 (PGG) (DF)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Hiawatha Cuffee, Jr., brings this action, pursuant to 42 U.S.C. § 1983, against the City of New York (the "City") and New York City Department of Corrections ("DOC") Officers Gonzalez and Squillaro. (Am. Cmplt. (Dkt. No. 33)) Plaintiff alleges that, while he was incarcerated, the individual defendants violated his constitutional rights in connection with a motor vehicle accident involving a DOC bus that was transporting Plaintiff to Rikers Island. (Id.) Plaintiff also brings a Monell claim against the City. (Id.) On June 16, 2017, Defendants moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Def. Mot. (Dkt. No. 39)), arguing that Plaintiff's claims are barred by a general release signed by Plaintiff. (Def. Br. (Dkt. No. 42) at 7-10) Plaintiff has not filed an opposition to Defendants' motion.

        On September 4, 2017, this Court referred Defendants' motion to Magistrate Judge Debra Freeman for a Report and Recommendation ("R & R"). (Dkt. No. 49) On November 14, 2017, Judge Freeman issued a 14-page R & R recommending that Defendants' motion to dismiss be converted to one for summary judgment, and granted. (Nov. 14, 2017 R&R

(Dkt. No. 51)) No objections have been filed to the R&R. For the reasons stated below, this Court will adopt the R & R in its entirety.

## BACKGROUND

### I. PLAINTIFF'S ALLEGATIONS

On July 31, 2015, the DOC transported Plaintiff by bus from Rikers Island – where Plaintiff was being detained – to Bellevue Hospital Center. (Am. Cmplt. (Dkt. No. 33) at 7)[1] At Bellevue Hospital, Plaintiff underwent a prostate examination and biopsy. (Id. at 7-8) After the procedure, Plaintiff got on a DOC bus for transport back to Rikers Island. (Id. at 7) Plaintiff alleges that he "was handcuffed and shackled at the waist[,] and confined in a steel, locked cage approximately 3½ feet wide." (Id. at 7-8) The cage "was positioned directly behind the driver" of the bus. (Id. at 7) Plaintiff did not have a seatbelt. (Id. at 11) Defendant Gonzalez was driving the bus (id. at 8), while Defendant Squillaro was a passenger. (See id. at 11)

At about 12:40 p.m., as the bus was returning to Rikers Island, Defendant Gonzalez "pull[ed] out into traffic . . . at an unusually high rate of speed." (Id. at 7) Plaintiff then "heard the screeching of tires," and the DOC bus collided with another motor vehicle. (Id. at 7-9) Plaintiff "was thrown forward" in the steel cage and, "upon impact," he "injured [his] knee, lower back, . . . neck, and . . . was also bleeding from [his] rectal area [due] to [his] recent biopsy." (Id. at 7-8) Plaintiff alleges that he "began screaming to [Defendant] Gonzalez . . . to . . . get [him] back to the hospital because [he] desperately needed medical assistance." (Id. at 8) Other inmates on the bus also "scream[ed] for help" and "plead[ed] for medical assistance." (Id.

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

2

at 11) Notwithstanding Plaintiff's pleas for assistance, Defendants did not provide Plaintiff with medical attention for "several [] hours." (Id. at 12)

## II. THE GENERAL RELEASE

In support of their motion to dismiss, Defendants have submitted two "Personal Injury Claim Form[s]," dated August 4, 2015 and September 3, 2015, which Plaintiff filed with the New York City Comptroller (Englert Decl., Ex. A (Aug. 4, 2015 Claim) (Dkt. No. 41-1); Englert Decl., Ex. B (Sept. 3, 2015 Claim) (Dkt. No. 41-2)), and a January 28, 2016 "General Release" signed by Plaintiff and notarized.[2] (Englert Decl., Ex. C (Jan. 28, 2016 Release) (Dkt. No. 41-3)) The Personal Injury Claim Forms address injuries Plaintiff allegedly suffered as a result of the July 31, 2015 DOC bus accident. (See Englert Decl., Ex. A (Aug. 4, 2015 Claim) (Dkt. No. 41-1); Englert Decl., Ex. B (Sept. 3, 2015 Claim) (Dkt. No. 41-2)) Plaintiff submitted the first Personal Injury Claim Form pro se, while a lawyer submitted the second Personal Injury Claim Form on Plaintiff's behalf. (See Englert Decl., Ex. A (Aug. 4, 2015 Claim) (Dkt. No. 41-1); Englert Decl., Ex. B (Sept. 3, 2015 Claim) (Dkt. No. 41-2))

The General Release provides in pertinent part:

> [Plaintiff] . . . in consideration of the payment of $5,000.00, receipt whereof is hereby acknowledged, . . . voluntarily, knowingly, and willingly releases and forever discharges the City of New York, and all past and present officials, officers . . . [and] employees . . . of the City of New York . . . , collectively the "Releasees", from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, [or] suits . . . which [Plaintiff] . . . now has or hereafter can, shall or may have . . . against the Releasees for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this Release.

(Englert Decl., Ex. C (Jan. 28, 2016 Release) (Dkt. No. 41-3) at 1)

---

[2] Although Plaintiff dated the General Release January 29, 2016, the General Release was notarized on January 28, 2016. The Court assumes that the date recorded by the notary is the actual date of execution.

3

## III. PROCEDURAL HISTORY

The Complaint was filed on November 12, 2015, and alleges that Defendants violated Plaintiff's constitutional rights during and immediately after the July 31, 2015 bus accident. (Cmplt. (Dkt. No. 2)) On June 30, 2016, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16) On October 20, 2016, this Court referred Defendants' motion to Magistrate Judge Debra Freeman for a Report and Recommendation ("R & R"). (Dkt. No. 27) On March 3, 2017, Judge Freeman issued a 28-page R & R, recommending that Defendants' motion to dismiss be granted in part and denied in part, and that Plaintiff be given leave to amend the Complaint. (March 3, 2017 R & R (Dkt. No. 29) at 26) On March 27, 2017, the Court adopted the March 3, 2017 R&R in its entirety. (March 27, 2017 Order (Dkt. No. 31))

Plaintiff filed an Amended Complaint on May 2, 2017, alleging that Defendants subjected him to "cruel and unusual punishment" in violation of the Eighth Amendment. (Am. Cmplt. (Dkt. No. 33) at 14) Plaintiff contends that Defendants Gonzalez and Squillaro "placed [him] in a dangerous situation and position" on the DOC bus, that Defendant Gonzalez was "reckless" in driving the DOC bus, that Defendants Gonzalez and Squillaro denied Plaintiff timely medical treatment, and that the City subjected Plaintiff to unsafe conditions by transporting him in a DOC bus that was not equipped with "standard safety seat belts" and "protect[ive] air bags." (Id. at 14-15)

On June 16, 2017, Defendants moved to dismiss the Amended Complaint, arguing that Plaintiff's claims are barred by the General Release. (See Dkt. Nos. 39, 42) Defendants also served Plaintiff with a formal, written notice that Defendants' motion to dismiss could be treated by the Court as a motion for summary judgment under Rule 56. (Notice to Pro Se

4

Litigant Opposing Rule 12 Motion (Dkt. No. 40) at 1-2; Aff. of Serv. (Dkt. No. 43)) This notice states, in relevant part:

> Defendants have moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and have submitted additional written materials. This means that defendants have asked the Court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION** by filing sworn affidavits as required by Rule 56(c) and/or other documents. . . .
>
> In short, Rule 56 provides that you may **NOT** oppose defendants' motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion.
>
> If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by defendants, the Court may accept defendants' facts as true. Your case may be dismissed and judgment may be entered in defendants' favor without a trial.

(Id. at 1-2) (emphasis in original). Defendants also attached the full text of Rule 56 to their notice. (Dkt. No. 40-1)

On June 19, 2017, the Court ordered Plaintiff to file any opposition to Defendants' motion by July 14, 2017. (Dkt. No. 44) As of July 25, 2017, no opposition had been filed. Accordingly, "[o]ut of an abundance of caution," the Court instructed the Clerk of Court to re-send Defendants' motion papers (including the notice that Defendants' motion to dismiss could be treated as one for summary judgment under Rule 56) to Plaintiff, and extended the deadline for Plaintiff to file his opposition brief until August 22, 2017. (Dkt. No. 46) To date, Plaintiff has not responded to Defendants' motion.

5

On September 4, 2017, this Court referred Defendants' motion to Magistrate Judge Freeman for an R&R. (Dkt. No. 49) On November 14, 2017, Judge Freeman issued a 14-page R & R recommending that Defendants' motion to dismiss be converted to one for summary judgment, and granted based on the General Release. (Nov. 14, 2017 R&R (Dkt. No. 51)) On February 1, 2018, the Court issued an order directing the parties to file any objections to the R&R by February 16, 2018, and directing the clerk of court to serve Plaintiff with a copy of that order. (Dkt. No. 52) No objections to the R & R have been filed.

## DISCUSSION

### I. LEGAL STANDARD

#### A. Review of Magistrate Judge's Report and Recommendation

Because the parties did not file any objection to Judge Freeman's R & R, they have waived their right to de novo review by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Razo v. Astrue, No. 04 Civ. 1348 (PAC) (DF), 2008 WL 2971670, at *2 (S.D.N.Y. July 31, 2008) ("For uncontested portions of the R & R, the court need only review the face of the record for clear error.") (citing Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

### B.     <u>Conversion of Motions to Dismiss to Motions for Summary Judgment</u>

Rule 12(d) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Ordinarily, formal notice is not required where a party 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings.'" Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009) (quoting Villante v. Dep't of Corrections of City of New York, 786 F.2d 516, 521 (2d Cir. 1986) (alterations in original)). "In the case of a pro se party, however, '[n]otice is particularly important' because the pro se litigant 'may be unaware of the consequences of his failure to offer evidence bearing on triable issues.'" Id. (quoting Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 767 (2d Cir. 1983)). "Accordingly, pro se parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment." Id. at 307-08 (quoting Beacon Enters., Inc., 715 F.2d at 767).

The Second Circuit has "acknowledged that it is not 'obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.'" Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620 (2d Cir. 1999) (quoting Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988)). However, "a District Court need not advise a pro se litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice, . . . or where the record otherwise makes clear that the litigant understood the

nature and consequences of summary judgment." Id. at 621 (internal citations omitted); see also McPherson v. Coombe, 174 F.3d 276, 282 (2d Cir. 1999) ("[A]bsent a clear indication that the pro se litigant understands the nature and consequences of Rule 56 . . . he or she must be so informed by the movant in the notice of motion or, failing that, by the district court.").

C.  **Summary Judgment Standard**

Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). "[W]here the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991).

In deciding a summary judgment motion, the Court "resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001). To survive a motion for summary judgment, however, a plaintiff "must 'do more than simply show that there is some metaphysical doubt as to the material facts.' . . . [He] must come forth with evidence sufficient to allow a reasonable jury to find in [his] favor." Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). "Mere conclusory statements, conjecture or speculation" by the plaintiff will not

defeat a summary judgment motion. Gross v. Nat'l Broad. Co., Inc., 232 F. Supp. 2d 58, 67 (S.D.N.Y. 2002).

"Although the same standards apply when a pro se litigant is involved, 'the pro se litigant should be given special latitude in responding to a summary judgment motion.'... [T]he Court must liberally construe the claims of a pro se litigant." Brown v. Selwin, 250 F. Supp. 2d 299, 306-07 (S.D.N.Y. 1999) (quoting Shepherd v. Fraisher, No. 96 Civ. 3283 (JGK), 1999 WL 713839, at *2 (S.D.N.Y. Sept. 14, 1999) (citation omitted)).

## II. ANALYSIS

The Amended Complaint asserts an Eighth Amendment claim against Defendants Gonzalez and Squillaro based on their alleged deliberate indifference to Plaintiff's safety and serious medical needs, and a Monell claim against the City. (See Am. Cmplt. (Dkt. No. 33)) Judge Freeman's thorough and well-reasoned R&R concludes that Defendants' motion to dismiss these claims should be converted into a motion for summary judgment, and granted. (Nov. 14, 2017 R&R (Dkt. No. 51)) The Court finds no clear error in Judge Freeman's recommendation.

### A. Conversion of Defendants' Motion to a Motion for Summary Judgment

Judge Freeman states that, "[i]n this case, conversion of Defendants' motion to one for summary judgment would be appropriate." (Id.) The Court agrees.

Defendants seek dismissal of Plaintiff's claim based on his execution of a General Release. (See Def. Br. (Dkt. No. 42) at 3) In support of their motion, Defendants have submitted Plaintiff's Personal Injury Claim Forms and the General Release. (See Dkt. Nos. 41-1, 41-2, 41-3) These documents are not discussed in the Amended Complaint, nor are they attached as exhibits. Johnson v. Cty. of Nassau, 411 F. Supp. 2d 171, 178 (E.D.N.Y. 2006).

9

Furthermore, the Amended Complaint does not rely on these documents, such that they could be considered "integral" to Plaintiff's allegations. Id. Nor are these documents "matters of which judicial notice may be taken." Id.; see Roberts v. Doe 1, No. 14 Civ. 9174 (AJP), 2015 WL 670180, at *2 (S.D.N.Y. Feb. 17, 2015) ("Because the City's policy is to no longer publicly file settlement documents like the . . . General Release, th[at] document[] [is] not susceptible to judicial notice."). Accordingly, Defendants' motion to dismiss is premised on "matters outside the pleadings." Fed. R. Civ. P. 12(d). Defendants' motion to dismiss may be converted to a motion for summary judgment, however, so long as Plaintiff had "a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d), and had "'unequivocal' notice of the meaning and consequences of conversion." Hernandez, 582 F.3d at 307-08.

As Judge Freeman observes, "the record demonstrates that Defendants served Plaintiff with formal, written notice that the motion could be converted by the Court [into a motion for summary judgment], and that Plaintiff was given ample opportunity to respond." (Nov. 14, 2017 R&R (Dkt. No. 51) at 10-11) On June 16, 2017 – the day that Defendants filed their motion to dismiss – Defendants served Plaintiff with a formal, written notice stating, inter alia, that "the Court may treat [Defendants' motion to dismiss] as a motion for summary judgment under Rule 56," that "Rule 56 provides that you may **NOT** oppose defendants' motion simply by relying upon the allegations in your complaint," and that "[i]f you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by defendants, the Court may accept defendants' facts as true [and dismiss your case without a trial]." (Notice to Pro Se Litigant Opposing Rule 12 Motion (Dkt. No. 40) at 1-2) Defendants also attached the text of Rule 56 to their notice. (Dkt. No. 40-1) This Court agrees with Judge

10

Freeman's determination that "[t]his notice was 'unequivocal' for the purposes of Rule 56." (Nov. 14, 2017 R&R (Dkt. No. 51) at 11) Indeed, courts in this Circuit regularly hold that the type of notice given here provides sufficient notice to convert a motion to dismiss into one for summary judgment. See, e.g., Collins v. Goord, 438 F. Supp. 2d 399, 412 & n.14 (S.D.N.Y. 2006); Curry v. Mazzuca, No. 05 Civ. 1542 (NRB), 2006 WL 250487, at *4-5 (S.D.N.Y. Feb. 2, 2006).

This Court also agrees with Judge Freeman's determination that "Plaintiff had a 'reasonable opportunity' to submit evidentiary material refuting Defendants' contention that the Release, allegedly signed by Plaintiff, bars the present action." (Nov. 14, 2017 R&R (Dkt. No. 51) at 11) Defendants served Plaintiff with "unequivocal notice" of the meaning and consequences of potential conversion five months before Judge Freeman issued her November 14, 2017 R&R (see Aff. of Serv. (Dkt. No. 43)), and the Court, "[o]ut of an abundance of caution," instructed the Clerk of Court to re-send that notice to Plaintiff three months before Judge Freeman issued the R&R. (See Dkt. No. 46) An additional three months have passed since Judge Freeman issued her R&R, and Plaintiff still has not filed any materials in opposition to Defendants' motion. Under these circumstances, Defendants' motion to dismiss is properly converted to a motion for summary judgment. See Simon v. Campos, No. 09 CIV. 6231 (PKC), 2010 WL 1946871, at *5 (S.D.N.Y. May 10, 2010) (converting defendants' motion to dismiss to a motion for summary judgment where plaintiff received unequivocal notice of the meaning and consequences of potential conversion, and then "allowed six months to pass without availing herself of the opportunity to oppose the defendants' pending motion").

## B. Enforcement of the Release

Judge Freeman recommends that this Court grant summary judgment to Defendants based on the General Release that Plaintiff signed on January 28, 2016. (Nov. 14, 2017 R&R (Dkt. No. 51) at 12) Judge Freeman concludes that, because Plaintiff has neither "raised [a] challenge as to the authenticity of his signature on the Release," nor "asserted that he signed the agreement under duress or based upon misinformation, no reasonable juror could find that Plaintiff did not, in exchange for a $5,000 payment from the City, 'voluntarily, knowingly, and willingly' release Defendants 'from any and all liability, claims, or rights of action . . . that occurred through the date of [the] Release,' executed January 28, 2016." (Id. (citing Englert Decl., Ex. C (Jan. 28, 2016 Release) (Dkt. No. 41-3) at 1)) The Court finds no error in Judge Freeman's conclusion.

"Settlement agreements and releases are construed according to the general principles of contract law." Roberts, 2015 WL 670180, at *4 (citing, inter alia, Collins v. Harris-Bode, 303 F.3d 429, 433 (2d Cir. 2002); Albany Sav. Bank FSB v. Halpin, 117 F.3d 669, 672 (2d Cir. 1997)). "'Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced.'" Id. (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 463 (2d Cir. 1998)). Furthermore, "[t]he proper interpretation of an unambiguous contract is a question of law for the court," which "may properly be resolved by summary judgment." Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582, 305 F.3d 82, 85 (2d Cir. 2002) (internal quotation marks and citation omitted).

The General Release, which Plaintiff signed on January 28, 2016, clearly and unambiguously provides that Plaintiff

> voluntarily, knowingly, and willingly releases and forever discharges the City of New York, and all past and present officials, officers . . . [and] employees . . . of

12

> the City of New York . . . , collectively the "Releasees", from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, [or] suits . . . which [Plaintiff] . . . now has or hereafter can, shall or may have . . . against the Releasees for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this Release.

(Englert Decl., Ex. C (Jan. 28, 2016 Release) (Dkt. No. 41-3) at 1) Plaintiff's claims in this case arise from a July 31, 2015 accident, and accordingly predate the effective date of the General Release. Moreover, Plaintiff's claims are asserted against the City of New York and two New York City DOC officers, and thus fall within the scope of the claims relinquished in the General Release. Therefore, given the absence of evidence raising an issue as to the enforceability of the General Release, the clear and unambiguous language of the release bars Plaintiff's claims, and Defendants are entitled to summary judgment. See Roberts, 2015 WL 670180, at *5 ("Courts in this Circuit regularly hold that [general] releases . . . bar suit against the city and its employees for conduct that pre-dates the release.") (collecting cases).

## CONCLUSION

For the reasons stated above, this Court adopts Judge Freeman's Report & Recommendation in its entirety, and Defendant's motion to dismiss is converted into one for summary judgment, and granted. The Clerk is directed to terminate the motion (Dkt. No. 39), and to close this case. The Clerk is further directed to mail a copy of this Order to pro se Plaintiff.

Dated: New York, New York
March 1, 2018

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge