*The City of New York*
*Law Department 100 Church Street*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
HIAWATHA CUFFEE, JR.,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK; OFFICER GONZALEZ
#17148; and OFFICER SQUILLARO #18036,

                                  Defendants.
-------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/2020

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

15 CV 8916 (PGG) (DF)

      **WHEREAS**, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendants must disclose certain documents and information to Plaintiff in support of their defense pursuant to Plaintiff's discovery demands in this action;

      **WHEREAS**, Defendants deem those documents and information confidential, private, and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

      **WHEREAS**, Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

      **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff and Defendants as follows:

      1.    As used herein, "Action" shall mean the pending action between Plaintiff and Defendants captioned *Hiawatha Cuffee, Jr. v. City of New York et al.*, 15 CV 8916 (PGG) (DF).

1

2. As used herein, without waiving the right to later objections or withholding documents, "Confidential Materials" shall mean:

(A) New York City Department of Correction ("DOC") employment/personnel related records for the individual Defendants;

(B) Any other disciplinary histories or other records, DOC directives and records of investigations regarding the conduct of employees of DOC conducted by DOC, the Inspector General, or other agencies;

(C) DOC training materials;

(D) DOC investigative file relating to underlying incident, including, but not limited to, the Driver's Accident Report for the underlying incident; and

(E) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by ~~the Defendants or~~ the Court.

3. The documents and information as defined in paragraph "2" shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiff from sources other than Defendants, or (b) are otherwise publicly available.

4. Plaintiff, and any attorney who later assumes representation of Plaintiff in this case, shall not use the Confidential Materials for any purpose other than for the preparation, settlement, or presentation of Plaintiff's case in this Action.

5. Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

6. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, is otherwise immune from discovery, shall

2

not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

8. Plaintiff shall not disclose the Confidential Materials to any person other than a party or an attorney of record for that party (including attorneys considering acceptance of this case), except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action, to those individuals described in subparagraph (b) below.

   b. Disclosure before trial may be made only to Plaintiff, to an expert who has been retained or specially employed by Plaintiff in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), Plaintiff shall provide each such person with a copy of this Stipulation and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action. Plaintiff shall

3

retain the signed consent and furnish a copy to Defendants' attorney upon request at a deposition or before trial, although the name of an expert that Plaintiff does not intend to call as a trial witness may be redacted from such consent before it is produced.

9. If Plaintiff objects to the designation of particular documents as Confidential Materials, Plaintiff shall state such objection in writing to Defendants, and the parties shall in good faith attempt to resolve such objection. If such objection cannot be resolved among the parties, then, within 15 days of receiving Defendants' response to Plaintiff's objections, Plaintiff shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

11. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed, *with a redacted version filed on the public docket*.

12. However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal,

4

confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiff may file redacted documents without further order of the Court.

13. In addition, where reasonable advance notice is given by Plaintiff and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by Plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials. *Any application to maintain the confidentiality of documents or information at trial shall be made to the trial judge, in advance of trial.*

14. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorney. Notwithstanding this provision, Plaintiff (or any attorney that assumes representation of Plaintiff in this case) may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of the Confidential Materials for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

15. Notwithstanding the provisions of this Stipulation of Confidentiality and Protective Order, if Plaintiff, or any attorney that assumes representation of Plaintiff in this case,

5

or anyone on Plaintiff's behalf ("Plaintiff or Plaintiff's representatives") make public representations, the substance of which concerns or is contained in the Confidential Materials, Defendants or Defendants' attorneys may move the Court, on an expedited basis, for relief.

16. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph "9" subsection (b) herein, for any purpose without prior Court approval.

17. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

18. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

19. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
         12-24- , 2019

Hiawatha Cuffee, Jr.  
*Plaintiff Pro Se*  
20 New Street, Apt. 2  
Staten Island, New York 10302

By: *Hiawatha Cuffee, Jr.* "all rights reserved"  
Hiawatha Cuffee, Jr.

JAMES E. JOHNSON  
Corporation Counsel of the  
   City of New York  
*Attorney for Defendants City, Gonzalez, and Squillaro*  
100 Church Street, 3rd Floor  
New York, New York 10007

By: _____ 1/2/20  
Samantha R. Millar  
*Assistant Corporation Counsel*

SO ORDERED: As modified in ¶¶ 2(E), 11, and 13.

_____  
HON. DEBRA C. FREEMAN  
UNITED STATES MAGISTRATE JUDGE

Dated: January 8, 2020  
         New York, New York

7

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____, 2020, entered into the action *Hiawatha Cuffee, Jr. v. City of New York et al.*, 15 CV 8916 (PGG) (DF), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____         Signature: _____

                                                               Print Name: _____

                                                               Occupation: _____