UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HIAWATHA CUFFEE JR.,

                Plaintiff,

-against-

MR. OFFICER GONZALEZ, et al.,

                Defendants.

---

15cv08916 (PGG) (DF)

**SCHEDULING ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

This case having been referred to this Court for general pretrial supervision; and Plaintiff, who is proceeding *pro se*, having filed a motion "to add an interested third party" to this action (Dkts. 102, 103); and Defendants having filed a motion to compel Plaintiff to provide certain discovery responses and for an extension of time to complete discovery (Dkt. 105); and Plaintiff having most recently filed an affidavit relating to the manner in which he has sought to sign certain documents (Dkt. 107); and this Court having held a telephonic case management conference with Plaintiff and counsel for Defendants on March 18, 2020, to address these matters; it is hereby ORDERED as follows:

1.     Plaintiff's Section 1983 claims in this case arise out of injuries he allegedly suffered in 2015, when a New York City Department of Correction bus, in which he was a passenger, was involved in a motor vehicle accident. Based on Plaintiff's statements during the March 18 conference, this Court construes his motion "to add an interested party" (Dkts. 102, 103) as a request to amend his pleading to join, as a defendant, the driver of the *other* vehicle that was involved in that accident, and to assert a negligence claim against that driver. So construed, the motion to amend is denied on the grounds that any such claim would be barred by the applicable statute of limitations, and that the amendment would thus be futile. The Court

understands that the identity of this driver has been provided to Plaintiff in discovery; to the extent Defendants have any contact information for the driver that has not yet been disclosed, Defendants are directed to produce that information to Plaintiff, as the driver, even if not appropriately named as a party, is nonetheless a witness with potentially relevant knowledge.

2. Defendants' motion to compel (Dkt. 105) is granted, except that, absent a further, particularized showing by Defendants of need, Plaintiff will not be required to produce his tax returns. Apart from this, Plaintiff is directed to provide, within two weeks of the date of this Order, full and complete responses to the document requests and interrogatories served on him by Defendants, including by providing a list of his claimed injuries, and the names and addresses of all medical providers who evaluated or treated him for those injuries.

3. It is this Court's understanding that, to the extent the issue raised by Plaintiff in his most recent submission (Dkt. 107) relates to discovery in this action, the issue is moot.

4. In light of both the issues that have been identified by Defendants' counsel and the COVID-19 outbreak, discovery is reopened and extended to May 18, 2020. The parties are strongly encouraged to conduct remaining depositions, if any, by remote means, including with the remote attendance of a court reporter.

5. The parties are directed to provide a status report by April 30, 2020.

6. Plaintiff is directed to contact the Court's *Pro Se* Office, in writing, to provide his new telephone number. Plaintiff is reminded that he must keep the Court apprised of any changes in his contact information; failure to do so could result in the dismissal of his claims for failure to prosecute.

7. Based on the rulings herein, the Clerk of Court is directed to close the motions at Dkts. 102, 103, and 105 on the Docket of this action. The Clerk of Court is also requested to mail a copy of this Order to Plaintiff, who is proceeding *pro se*.

Dated: New York, New York
      March 18, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge