UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIAWATHA CUFFEE JR.,

                Plaintiff,

- against -

OFFICER GONZALEZ, OFFICER SQUILLARO, and CITY OF NEW YORK,

                Defendants.

**ORDER**

15 Civ. 8916 (PGG) (VF)

PAUL G. GARDEPHE, U.S.D.J.:

Pro se Plaintiff Hiawatha Cuffee, Jr., brings this action, pursuant to 42 U.S.C. § 1983, against the City of New York (the "City") and New York City Department of Corrections ("DOC") Officers Gonzalez and Squillaro. (Am. Cmplt. (Dkt. No. 33)) Plaintiff alleges that, while he was incarcerated, the individual defendants violated his constitutional rights in connection with a motor vehicle accident involving a DOC bus that was transporting Plaintiff from Belluvue Hospital to Rikers Island. (Id. at 7-8) The DOC bus collided with another vehicle, and Plaintiff claims that he suffered injuries as a result. (Id.)

**PROCEDURAL HISTORY**

This case has an extensive procedural history, which is summarized below.

On June 30, 2016, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Def. Mot. (Dkt. No. 16)) On October 20, 2016, this Court referred Defendants' motion to Magistrate Judge Debra C. Freeman for a Report and Recommendation ("R&R"). (Dkt. No. 27)

In a March 3, 2017 R&R, Judge Freeman recommended that Defendants' motion to dismiss be granted in part and denied in part. (R&R (Dkt. No. 29) at 1) Judge Freeman

"further recommend[ed] that Plaintiff be given the opportunity to file an amended complaint within 21 days of the Court's order adopting the Report and Recommendation." (Id. at 26)

On March 27, 2017, this Court adopted Judge Freeman's R&R in its entirety and directed Plaintiff to file an amended complaint by April 30, 2017. (Order (Dkt. No. 31)) at 19)

Plaintiff Cuffee filed the Amended Complaint on May 2, 2017. (Am. Cmplt. (Dkt. No. 33)) On June 16, 2017, Defendants moved to dismiss the Amended Complaint for failure to state a claim. (Def. Mot. (Dkt. No. 42)) On June 19, 2017, this Court directed Plaintiff Cuffee to file his opposition to the Defendants' motion to dismiss by July 14, 2017. (Order (Dkt. No. 44)) Plaintiff Cuffee did not file any opposition. On July 25, 2017, this Court directed the Clerk of Court to mail a copy of Defendants' motion papers to the Plaintiff's last known address. (Order (Dkt. No. 46))

On August 31, 2017, Defendants requested that this Court deem Defendants' motion to dismiss the Amended Complaint as fully briefed and unopposed. (Def. Ltr (Dkt. No. 47) at 2) This Court granted Defendants' application (Order (Dkt. No. 48)), and on September 4, 2017, referred Defendants' motion to dismiss to Judge Freeman for an R&R. (Dkt. No. 49)

In a November 2, 2017 letter, Plaintif Cuffee informed the Court of his new address and requested an update concerning the status of the case. (Pltf. Ltr. (Dkt. No. 50)) The pro se office then mailed a copy of the docket sheet to Plaintiff Cuffee at the address he had provided. (Dkt. Sheet at Nov. 3, 2017) Plaintiff Cuffee did not file any opposition to Defendants' motion to dismiss the Amended Complaint.

In a November 14, 2017 R&R, Judge Freeman recommended that the Court convert Defendants' motion to dismiss into a motion for summary judgment and grant the motion. (Am. Cmplt. R&R (Dkt. No. 51) 13-14) Judge Freeman concluded that Cuffee had

signed a general release that barred his claims. (Id. 12-13) The R&R was sent to Plainiff Cuffee's previous address and was returned as undeliverable. The R&R was then mailed to Cuffee's new address. (Dkt. Sheet at Jan. 26, 2018)

On February 1, 2018, this Court directed the parties to file any objections to the November 14, 2017 R&R by February 16, 2018. (Order (Dkt. No. 52)) Neither side objected to the R&R. Accordingly, on March 1, 2018, this Court adopted Judge Freeman's R&R in its entirety, converted Defendant's motion to dismiss into a motion for summary judgment, and granted Defendants' summary judgment based on Cuffee's execution of a general release. (Order (Dkt. No. 53) at 13)

On July 17, 2018, Cuffee moved for reconsideration pursuant to Fed. R. Civ. P. 60(b) arguing, inter alia, that he had been under duress and "heavy medication" when he signed the general release, and that accordingly the release was voidable. (Pltf. Recon. Mot. (Dkt. No. 55)) On August 14, 2018, Defendants filed an opposition arguing that Cuffee's reconsideration motion was untimely under Local Civil Rule 6.3 and, in any event, failed under Rule 60(b). (Def. Opp. (Dkt. No. 57)) In a September 9, 2018 reply, Cuffee asserted that he had reserved his rights when he signed the general release, and that accordingly the release did not bar his claims. (Pltf. Reply (Dkt. No. 59)) On February 29, 2019, this Court directed Defendants to file a sur-reply addressing Cuffee's newly raised argument that he had reserved his rights when he signed the general release. (Order (Dkt. No. 62)) The Defendants filed their sur-reply on March 6, 2019. (Def. Sur-Reply (Dkt. No. 63))

On March 20, 2019, this Court granted Plaintiff Cuffee's motion for reconsideration, finding that his new reservation of rights argument might "have 'substantial merit.'" (Order (Dkt. No. 64) at 11)

3

On April 18, 2019, this Court conducted an initial pretrial conference (Dkt. Sheet at April 18, 2019), and on May 1, 2019, this Court entered a case management plan. (Order (Dkt. No. 67))

This Court subsequently referred various discovery disputes to Judge Freeman (Dkt. Nos. 75, 85), and on November 4, 2019, this Court referred this case to Judge Freeman for general pretrial supervision. (Dkt. No. 91)

On February 19, 2020, the Defendants filed their Answer to the Amended Complaint, which included a counterclaim. (Answer (Dkt. No. 104))

Cuffee did not appear for a September 22, 2020 telephonic case management conference that had been scheduled by Judge Freeman. (Dkt. Sheet at Sept. 22, 2020; Order (Dkt. No. 135) at 1) Judge Freeman rescheduled the telephonic case management conference for October 8, 2020, and cautioned Plaintiff that "if he again failed to appear for a conference scheduled by this Court, then this Court may recommend that this case be dismissed without prejudice for failure to prosecute." (Id. at 1-2)

At the October 8, 2020 case management conference, Cuffee explained that he had deliberately chosen not to appear for the September 22, 2020 conference because he believed that Judge Freeman was biased against him. (Oct. 8, 2020 Tr. (Dkt. No. 157) at 3-4) Plaintiff Cuffee also stated that there had been a typographical error in the mailing address he had provided to the Court, and that accordingly he had not received certain mail regarding his case. (Id. at 8-9) Cuffee confirmed his correct address, and Judge Freeman directed the Clerk's Office to correct Cuffee's address in court records. (Dkt. No. 139)

In a November 5, 2020 Scheduling Order, Judge Freeman directed Plaintiff to execute and promptly return to Defendants two authorizations concerning disclosure of his

4

medical records. (Scheduling Order (Dkt. No. 140) at 2) Judge Freeman noted that "discovery in this action [was otherwise] complete." (Id.) Judge Freeman scheduled another telephonic case management conference for December 8, 2020. (Id.)

Cuffee did not appear for the December 8, 2020 telephonic case management conference. (Dkt. Sheet at Dec. 8, 2020; Order (Dkt. No. 141) at 1) In a December 9, 2020 order rescheduling the telephonic conference to December 29, 2020, Judge Freeman noted that (1) she had "previously cautioned Plaintiff regarding the need to appear for Court-scheduled conferences and regarding the potential consequences of a failure to appear (see Dkt. 135)"; (2) "on December 8, 2020, Defendants' counsel . . . informed this Court that Plaintiff had . . . failed to comply with the discovery rulings made by this Court on the record of an October 8, 2020 conference and memorialized in a written Order dated November 5, 2020 (Dkt. 140)"; and (3) Cuffee had not complied with Judge Freeman's November 5, 2020 order directing him "to submit certain documents to this Court for in camera review (see id.)." (Order (Dkt. No. 141) at 1) In her December 9, 2020 order, Judge Freeman went on to say that if Cuffee was unable to appear for the December 29, 2020 conference, he was required to explain – in advance of the conference – why he could not appear and to request an adjournment. (Id. at 2) Judge Freeman warned Cuffee that his continued failure to comply with the Court's orders could result in sanctions, including dismissal of his claims. (Id.)

Cuffee did not appear for the December 29, 2020 case management conference. (Dkt. Sheet at Dec. 29, 2020)

In a January 26, 2021 letter, Defendants requested that the case be dismissed for failure to prosecute or, in the alternative, that the Court issue an order to show cause why the case should not be dismissed for failure to prosecute. (Def. Ltr. (Dkt. No. 146))

5

In a February 8, 2021 show cause order, Judge Freeman directed Cuffee to explain why she should not recommend sanctions involving preclusion of evidence of damages or dismissal of his claims. (Order (Dkt. No. 147) at 1) This order was mailed to Cuffee on February 9, 2021 (Dkt. Sheet at Feb. 9, 2021), but was returned as undeliverable. (Dkt. Sheet at Mar. 17, 2021) On March 2, 2021, Defendants renewed their request for the Court to dismiss the case for failure to prosecute. (Def. Ltr. (Dkt. No. 148)) In letters dated March 15, 2021, March 17, 2021, and April 23, 2021, Defendants detailed their efforts to communicate with Cuffee and renewed their request that the Court dismiss the case for failure to prosecute. (Dkt. Nos. 149, 150, 151)

On May 19, 2021, Judge Freeman scheduled a telephone conference for June 3, 2021. (Dkt. No. 154; Dkt. Sheet at June 3, 2021) Cuffee did not appear for the June 3, 2021 conference. In a July 12, 2021 letter, Cuffee asked the Court to schedule another conference. (Pltf. Ltr. (Dkt. No. 159)) In a July 21, 2021 letter, Defendants set forth "(1) the extent of defendants' efforts to contact plaintiff since defendants' last status update to the Court; (2) which documents defendants have requested from plaintiff that he has still failed to produce; and (3) the most current information defendants have regarding plaintiff's address." (Def. Ltr. (Dkt. No. 160))

In an August 19, 2021 letter, Defendants again requested that the Court dismiss this action for failure to prosecute, noting that Plaintiff had still not complied with the Court's discovery orders. (Def. Ltr. (Dkt. No. 164))

In an October 27, 2021 order, Judge Freeman directed Cuffee to file by November 12, 2021 a Change of Address form that contained an address at which he could receive mail and/or an executed Consent and Registration Form to receive mail. (Order (Dkt. No. 165) at 15)

6

Judge Freeman stated that Cuffee's deadline for filing the required form would not be extended. (Id. at 15-16) Judge Freeman's order was returned as undeliverable. (Dkt. Sheet at Nov. 9, 2021)

### THE MAGISTRATE JUDGE'S R&R AND PLAINTIFF'S OBJECTIONS

On November 29, 2021, Judge Freeman issued a Report and Recommendation recommending that Defendants' repeated requests for dismissal of this case for failure to prosecute be granted. (R&R (Dkt. No. 166) at 1) In the R&R, Judge Freeman explained that "Plaintiff shall have fourteen (14) days from service of this Report to file written objections" and that failure to file objections within fourteen days would result in a waiver of objections and preclusion of appellate review. (Id. at 2) The R&R was sent to Plaintiff Cuffee, but was returned as undeliverable on December 14 and 15, 2021.

On February 16, 2023, Plaintiff Cuffee filed objections to Judge Freeman's R&R and discovery rulings. (Pltf. Obj. (Dkt. No. 169) On March 29, 2023, Defendants filed their opposition, arguing that Plaintiff's objections were both untimely and meritless. (Def. Ltr. (Dkt. No. 171) at 3)

### DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB)(FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F.

7

Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" where, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where, as here, no party filed timely objections to the R&R – despite clear warning that a failure to file timely objections would result in a waiver of judicial review (see R&R (Dkt. No. 166) at 2) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) ("[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object.") (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

Before dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective].

Baptiste v Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted). "No single factor is . . . dispositive." Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17 Civ. 1677 (VSB) (KHP), 2018 WL 5723120, at *2 (S.D.N.Y. Nov. 1, 2018) (adopting R & R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines).

As to the first factor – the duration of Plaintiff's failure to comply with court orders – Cuffee was warned multiple times by Judge Freeman that his failure to appear at conferences and to comply with discovery orders might result in dismissal. Despite these warnings, Cuffee has never complied with Judge Freeman's discovery orders and repeatedly failed to appear for conferences over a course of several years. And Plaintiff's objections to Judge Freeman's November 29, 2021 R&R were not filed until February 16, 2023 – more than a year after the fourteen-day deadline for objections set forth in the R&R. (R&R (Dkt. No. 166) at 2) In sum, the first factor supports dismissal. See Salem v. City of New York, 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'") (quoting Peters-Turnball v. Bd. of Educ. of N.Y.C., No. 96 Civ. 4914, 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999)); Avila v. Comm'r of Soc. Sec.,

15 Civ. 2456, 2016 WL 1562944 (JGK), at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute where seven months had elapsed)).

As to notice, Judge Freeman advised Cuffee on multiple occasions that his continued failure to provide discovery and to attend scheduled conferences might result in dismissal of his claims. Indeed, Judge Freeman's September 23, 2020, December 9, 2020, and February 8, 2021 orders all warn Cuffee that his claims might be dismissed for failure to prosecute if he failed to comply with her discovery orders. (Dkt. Nos. 135, 141, 147) Accordingly, the second factor weighs in favor of dismissal. See Salem, 2017 WL 6021646 at *3.

As to prejudice from Cuffee's misconduct, given the circumstances here, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay." Beauford v. Doe #1, No. 04 Civ. 7533 JGK, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017). As discussed above, more than three years have passed since Plaintiff was first directed to provide discovery to Defendants, and nearly sixteen months passed before Plaintiff Cuffee responded to Judge Freeman's R&R recommending that this action be dismissed for failure to prosecute. Therefore, the third factor weighs in favor of dismissal.

As to due process, Judge Freeman has been solicitous of Plaintiff's rights throughout, warning him again and again that his failure to abide by court orders would result in dismissal of his claims. Accordingly, the fourth factor weighs in favor of dismissal.

Finally, the Court finds that a sanction less than dismissal would be ineffective. Plaintiff has repeatedly failed to comply with court orders. "The Court [thus] has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be

10

useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 Civ. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); Smith v. Human Res. Admin., No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")). This factor therefore weighs in favor of dismissal.

Viewing the record as a whole and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

Plaintiff's objections to Judge Freeman's November 29, 2021 R&R (Dkt. No. 166) are overruled, and the R&R is adopted in its entirety. Plaintiff's claims are dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close this case.

Dated: New York, New York
      January 22, 2024

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge